# PRÁXEDES MORALES FIGUEROA, ETC., Plff.,

*v.*

# RAMON VALDES COBIÁN ET AL., Dft.

San Juan, Law, No. 1062.

### TAKING DEPOSITION OF INFIRM WITNESS.

**Depositions—"Infirm."**

>1. The word "infirm" as used in § 863 of the Revised Statutes, Comp. Stat. 1913, § 1472, providing for the taking of depositions *de bene esse*, includes a witness who is about to die.

**Depositions—Reasonable Notice of Taking.**

>2. What is reasonable notice of the time of taking a deposition depends upon the circumstances surrounding the particular case.

Opinion filed November 13, 1915.

*Mr. Jos. Anderson, Jr.,* attorney for plaintiff.

*Messrs. Martínez & Iriarte* attorneys for defendant.

HAMILTON, Judge, delivered the following opinion:

This comes up upon a motion by the plaintiff to take the deposition of Francisco Berrios at Bayamón on Monday next, November 15, at 2 o'clock P. M., notice having been served upon the defendant. The affidavit filed in support of the motion is by one of the attorneys and shows, upon information and belief, that the witness is about to die. The defendant

resists the taking of the deposition at the time suggested because his attorney will be in another court at that time, and because, he says, the witness is no more in danger of death at the present time than for six months past. Application is made under § 863 of the Revised Statutes, Comp. Stat. 1913, § 1472.

That section provides for taking the deposition *de bene esse* of a witness in a civil case pending in a district court, "when he is ancient and infirm." The statute requires that "reasonable notice must first be given in writing by the party or his attorney proposing to take such deposition, to the opposite party or his attorney of record, as either may be nearest, which notice shall state the name of the witness and the time and place of the taking of his deposition." It is also provided that "any person may be compelled to appear and depose as provided by this section in the same manner as witnesses may be compelled to appear and testify in court."

1. It would seem clear that the word "infirm" applies to this case. A witness who is about to die is infirm in the highest degree. The reason of the law is not to be confined merely to persons who cannot get about.

2. The defendant resists the application mainly upon the ground that the notice is not reasonable. This, however, is hardly applicable. If a witness is about to die, a very short notice will be reasonable. It may be a question of hours, rather than days, and the section must be so construed as to cover the object it has in view, that is to say, securing evidence from witnesses unable to attend court. The true objection to the application is that there is no proper showing that the witness is about to die. The hearsay affidavit is not a good

foundation for an application of this kind. It must be made by some one knowing the facts, and in the matter of life and death, as is suggested here, should preferably be made by a competent physician.

It being agreed upon argument that the parties could be present to take the deposition on Wednesday, the 17th, an order will be entered that leave is granted under the statute to take the deposition of the proposed witness at that time and place, reserving the right in the court in case of emergency, due to the health of the proposed witness, to make the time shorter if necessary.

It is so ordered.